# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Clarksburg Division

**PAOLO FARAH,**

    **Plaintiff,**

v.                                           Case No. 1:22-cv-153-TSK
                                                 Judge Thomas S. Kleeh

**WEST VIRGINIA UNIVERSITY
BOARD OF GOVERNORS, SAMUEL TAYLOR,
CODY STEWART, JESSE RICHARDSON,
MAJA HOLMES, KAREN KUNZ,
CHRISTOPHER PLEIN, COREY COLYER,
and LISA DEFRANK-COLE,**

    **Defendants.**

## AGREED PROTECTIVE ORDER

By signing this Protective Order, the parties have agreed to be bound by its terms and to request its entry by the Court. It is hereby ORDERED as follows:

**I.  DISCOVERY PHASE**

**DESIGNATION OF CONFIDENTIAL INFORMATION**

A. If a party, a non-party producing information in this civil action, or an attorney for a party or non-party has a good faith belief that certain documents or other materials (including digital information or other discovery responses) subject to disclosure pursuant to a discovery or other request, are confidential and should not be disclosed other than in connection with this action and pursuant to this Protective Order, the party, non-party, or attorney shall mark each such document or other material as "**CONFIDENTIAL**."

B. If a party or an attorney for a party, disputes whether a document or other material should be marked "**CONFIDENTIAL**," the parties and/or attorneys shall attempt to resolve the

dispute between themselves. If they are unsuccessful, the party or attorney challenging the "**CONFIDENTIAL**" designation shall do so by filing an appropriate motion.

    C.    No party or attorney or other person subject to this Protective Order shall distribute, transmit, or otherwise divulge any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, except in accordance with this Protective Order. Court personnel are not subject to this Protective Order while engaged in the performance of their official duties.

    D.    Any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, may be used by a party, or a party's attorney, expert witness, consultant, witness, or other person to whom disclosure is made, only for the purpose of this action. Nothing contained in this Protective Order shall prevent the use of any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, at any discovery deposition taken in this action.

    E.    If a party or attorney wishes to disclose any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, to any person actively engaged in working on this action (e.g., expert witness, consultant), the person making the disclosure shall do the following:

1. Provide a copy of this Protective Order to the person to whom disclosure is made;
2. Inform the person to whom disclosure is made that s/he is bound by this Protective Order;
3. Require the person to whom disclosure is made to sign an acknowledgment and receipt of this Protective Order;
4. Instruct the person to whom disclosure is made to return any document or other material which is marked "**CONFIDENTIAL**," including notes or memoranda made from "**CONFIDENTIAL**" material, at the conclusion of the case, meaning the exhaustion of all available appeals or a settlement of this action;
5. Maintain a list of persons to whom disclosure was made and the "**CONFIDENTIAL**" materials which were disclosed to that person; and

4855-1142-2357.v1

6. At the conclusion of the action, gather the "**CONFIDENTIAL**" materials, copies thereof, and related notes and memoranda, and return them to the party or attorney who originally disclosed them, with a certificate of compliance with the terms of this Protective Order.

F. The designation of any documentation or other information as "**CONFIDENTIAL**" shall not constitute consent for any party to retain possession of any item that is wrongfully possessed by them, including but not limited to confidential business or financial information.

G. Any party may retroactively designate any portion of a deposition transcript, by page and line, and any deposition exhibits as "**CONFIDENTIAL**" in accordance with Paragraphs I.A – I.F of this Order within 30 days of receiving the deposition transcript. Such designations must be provided to Plaintiff's and Defendants' counsel in writing to be deemed effective. Any portion of the transcript or exhibits not so designated pursuant to this provision will not be treated as "**CONFIDENTIAL**" under this Order, notwithstanding any prior designation.

**INADVERTENT DISCLOSURE OF PRIVILEGED MATERIALS**

H. Subject to the provisions of this Order, if a party discloses information (the "Disclosing Party") in connection with the pending litigation that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Protected Information"), the disclosure of that Protected Information shall not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

I. The Disclosing Party shall, within 15 business days of the discovery of the inadvertent disclosure, notify the party receiving the Protected Information ("the Receiving Party"), in writing, that it has disclosed Protected Information without intending a waiver by the

disclosure. The Disclosing Party must explain in the notification as specifically as possible why the Protected Information is privileged or protected. The Disclosing Party shall identify the Protected Information by Bates-stamped number. If the Protected Information is not Bates-stamped, the Disclosing Party shall identify the Protected Information in a manner that reasonably permits the Receiving Party to easily locate the Protected Information at issue.

J.      Upon receiving notification of the inadvertent disclosure, the Receiving Party must—unless it contests the claim of attorney-client privilege or work product protection in accordance with Paragraph I.K—promptly (i) notify the Disclosing Party that it will make best efforts to identify and return, sequester, or destroy (or in the case of electronically stored information, delete) the Protected Information and any reasonably accessible copies it has, and (ii) provide a certification that it will cease further review, dissemination, and use of the Protected Information. For purposes of this Order, Protected Information that has been stored on a source of electronically stored information that is not reasonably accessible, such as backup storage media, is sequestered. If such data is retrieved, the Receiving Party must promptly take steps to delete or sequester the restored protected information.

K.      Any challenge to the Disclosing Party's claim of privilege or work product protection shall be made, in writing, by the Receiving Party within 10 business days after being notified of the Disclosing Party's request to clawback the Protected Information. The parties shall promptly meet and confer, in person or by telephone, to determine if the challenge can be resolved without judicial intervention. If the parties are unable to resolve the dispute, the Disclosing Party shall move the Court for a Protective Order compelling the return or destruction of the information claimed to be Protected Information. The Motion for a Protective Order, response to the motion, and reply memorandum may be filed under seal, if appropriate. The Receiving Party may not assert

4

as a ground for compelling disclosure of the information the fact or circumstance of its disclosure. Pending resolution of the Motion for a Protective Order, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Motion for Protective Order.

L.  The parties may stipulate to extend the time periods set forth in Paragraph I.I and I.K of this Order.

M.  Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows, or reasonably should know, to be privileged and to inform the Disclosing Party that such materials have been produced.

N.  Nothing in this Order limits the right of any party to petition the Court for an in-camera review of the Protected Information.

O.  This Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection.

## DISCLOSURE OF DOCUMENTS INADVERTENTLY NOT DESIGNATED AS CONFIDENTIAL

P.  In the event that a Disclosing Party mistakenly produces confidential information without a confidentiality designation as permitted by the Protective Order entered in this litigation, the following procedures shall apply:

   1. The Disclosing Party shall, within 10 business days of the discovery of the production, notify the Receiving Party in writing, identifying the confidential information by Bates-stamped number. If the confidential information is not Bates-stamped, the Disclosing Party shall identify the confidential information in a manner that reasonably permits the Receiving Party to easily locate the confidential information at issue. Within 3 business days thereafter, the Disclosing Party shall provide a replacement copy of the confidential information, marked "**CONFIDENTIAL**" and properly Bates-stamped with the original number, if applicable. The Receiving Party shall promptly destroy or return the confidential information mistakenly produced without a confidentiality designation, including

      any copies it has, and replace it with the confidential information properly designated as confidential.

2. If a Receiving Party disputes the Disclosing Party's claim of confidentiality, the Receiving Party may move the Court to challenge the confidential designation in accordance with the provisions of the Protective Order entered in this case. If a Receiving Party elects to file such a motion, the Receiving Party may retain possession of the confidential information but shall treat it in accordance with the terms of the Protective Order pending resolution of the motion. If the Receiving Party's motion is denied, the parties shall promptly comply with Paragraph I.P.1 of this Order.

3. The production of such document does not constitute a waiver of any claim of confidentiality as set forth in the Protective Order in this matter, unless otherwise determined by the court.

## II.    POST-DISCOVERY PHASE

A.    If any party, non-party, or attorney wishes to file, or use as an exhibit or as evidence at a hearing or trial, any "**CONFIDENTIAL**" document or material, s/he must provide reasonable notice to the party that produced the document or material. The parties and/or attorneys shall then attempt to resolve the matter of continued confidentiality by either (a) removing the "**CONFIDENTIAL**" marking, or (b) creating a mutually acceptable redacted version that suffers for purposes of the case. If an amicable resolution proves unsuccessful, the parties and/or attorneys may present the issue to the court for resolution. The proponent of continued confidentiality will have the burden of persuasion that the document or material should be withheld from the public record.

B.    Within 60 days after the conclusion of the action, each party shall gather the "**CONFIDENTIAL**" materials, copies thereof, and related notes and memoranda, including materials given by that party to any other individual, and shall return them to the party or attorney who originally disclosed them, with a certificate of compliance with the terms of this Protective Order, unless: (1) the document has been offered into evidence or filed without restriction as to

disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of a receiving party or the party's expert witness or consultant, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including drafts of preliminary reports submitted by an expert or consultant, which includes information produced as "**CONFIDENTIAL**," so long as that work product does not duplicate verbatim substantial portions or the text or images of confidential documents. Any such work product retained by an attorney shall continue to be "**CONFIDENTIAL**" and shall be subject to this protective order. The attorney may use his or her work product in other litigation provided that the attorney does not use or disclose the confidential documents.

The Clerk is instructed to provide a copy of this Order to counsel of record and any unrepresented party.

ENTERED this _____ day of _____, 2023.

_____
Honorable Thomas S. Kleeh

Prepared By:

*/s/ Wendy G. Adkins*
Wendy G. Adkins, Esquire (WVSB # 9412)
Jackson Kelly PLLC
3000 Swiss Pine Way, Suite 200
Morgantown, West Virginia 26501
Telephone: 304-284-4100
Facsimile: 304-284-4142
wgadkins@jacksonkelly.com

and

Laura H. Lorensen (WVSB # 12748)
Jackson Kelly PLLC
500 Lee Street, East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: 304-340-1000
Facsimile:  304-340-1080
laura.lorensen@jacksonkelly.com

*Counsel for Defendants the West Virginia Board of Governors,*
*Samuel Taylor, Cody Stewart, Jesse Richardson,*
*Maja Holmes, Karen Kuns, and Christopher Plein*

Agreed to by:

*/s/ Sean W. Cook (by WGA with permission)*
Sean W. Cook, Esq. (WVSB # 10432)
309 Dolaron Lane
South Charleston, WV 25309
swcook1215@gmail.com

*Counsel for Plaintiff*

4855-1142-2357.v1