IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Clarksburg Division

**PAOLO FARAH,**

        **Plaintiff,**

v.                                               **Case No. 1:22-cv-153-TSK**
                                                    **Judge Thomas S. Kleeh**

**WEST VIRGINIA UNIVERSITY
BOARD OF GOVERNORS, SAMUEL TAYLOR,
CODY STEWART, JESSE RICHARDSON,
MAJA HOLMES, KAREN KUNZ,
CHRISTOPHER PLEIN, COREY COLYER,
and LISA DEFRANK-COLE,**

        **Defendants.**

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL FULL AND COMPLETE RESPONSES TO THE DEFENDANT WEST VIRGINIA UNIVERSITY BOARD OF GOVERNOR'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION**

COMES NOW Defendant, West Virginia University Board of Governors (WVUBOG), by counsel, Wendy Adkins and Jackson Kelly PLLC, and respectfully submits this Memorandum of Law in Support of its Motion to Compel.  For the reasons set forth below, Defendant WVUBOG respectfully requests that the Court grant this Motion to Compel and direct Plaintiff Paolo Farah to produce full and complete discovery responses regarding the claims and defenses in this case.

**PROCEDURAL HISTORY**

On September 20, 2023, Defendant WVUBOG served its First Set of Interrogatories and Requests for Production of Documents upon the Plaintiff.  (ECF No. 40.)  On October 20, 2023, Plaintiff served his responses.  ***See Exhibit A.***  (ECF Nos. 45, 46.)

On November 1, 2023, Plaintiff's initial counsel filed a motion for substitution of counsel. (ECF No. 49). Shortly thereafter, Plaintiff's current counsel filed a notice of appearance. (ECF No. 51).

By letter dated November 6, 2023, the WVUBOG notified Plaintiff of several deficiencies regarding his discovery responses. Plaintiff agreed to supplement his discovery responses by December 20, 2023, in light of obtaining new counsel as of November 8, 2023, and extended Defendants' motion to compel deadline. (ECF No. 52).

Counsel of record exchanged e-mail correspondence on December 22, 2023 as Plaintiff failed to supplement his discovery responses on December 20, 2023. Plaintiff's counsel explained that Plaintiff had been traveling and out of the country for an extended period of time and asked to have until December 29, 2023 to supplement Plaintiff's discovery responses. Undersigned counsel agreed conditioned upon an additional week extension of the deadline for Defendant's motion to compel to which Plaintiff's counsel agreed via email. **See Exhibit B.**

On January 15, 2024, undersigned counsel sent an e-mail to follow-up on Plaintiff's supplementation of his discovery responses as Plaintiff failed to supplement by December 29, 2023. Both undersigned counsel and Plaintiff's counsel had been involved in trial preparation for a civil action pending in the Circuit Court of Monongalia County, West Virginia in late December and early January; thus undersigned counsel proposed an extended deadline for supplementation of discovery by Plaintiff until January 26, 2024 with an extended deadline for a motion to compel by Defendant on February 26, 2024. Because she received no response, undersigned counsel followed up by e-mail dated January 17, 2024 and by a voice mail message on the morning of January 22, 2024. **See Exhibit C.** To date, undersigned counsel has been unable to reach Plaintiff's counsel for a response to her January 15, 2024 e-mail correspondence.

The undersigned counsel hereby certifies that the parties have attempted in good faith to resolve the disputed issues raised in the foregoing Motion to Compel. However, out of an abundance of caution, Defendant has filed its motion to compel full and complete discovery responses to timely preserve its right to do so because undersigned counsel has not received any response from Plaintiff's counsel despite efforts since January 15, 2024.

## APPLICABLE LEGAL STANDARDS

Rule 37 of the Federal Rules of Civil Procedure provides, in relevant part, that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: […] (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(i-ii).

Rule 26(b) of the Federal Rules of Civil Procedure provides that "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Although the Federal Rules of Civil Procedure do not define what is 'relevant,' Rule 26(b)(1) makes clear that relevancy in discovery is broader than relevancy for purposes of admissibility at trial." *Amick v. Ohio Power Co.*, Civil Action No. 2:13-cv-06593, 2013 WL 6670238 *1 (S.D.W. Va. Dec. 18, 2013). "Moreover, notwithstanding Rule 26(b)(1)'s recent amendment placing an emphasis on the proportionality of discovery, the discovery rules, including Rule 26, remain subject to broad and liberal construction." *Scott Hutchison Ent. Inc. v. Cranberry Pipeline Corp.*, Civil Action No. 3:15-cv-13415, 2016 WL 5219633 *2 (S.D.W. Va. Sept. 20, 2016) (internal quotations omitted). A party resisting discovery bears the burden of explaining precisely why its objection

is proper, given the broad and liberal construction of Rule 26.  *Carpenter v. Res-Care Health Servs., Inc.*, Civil Action No. 3:12-cv-08047, 2013 WL 1750464 *1 (S.D.W. Va. Apr. 23, 2013).

## ARGUMENT

**A.     Plaintiff should be directed to provide any information or document withheld based on a general objection.**

Plaintiff asserted several general, boilerplate objections prior to answering any interrogatories or requests for production.  These general objections run the gamut:  attorney-client privilege; work product doctrine; doctor-patient privilege; information "equally accessible and available to Defendant" or "already in the possession, custody, or control of Defendant"; information that is "overly broad and unduly burdensome"; not relevant; and "unreasonably cumulative or duplicative" to name a few.  Plaintiff notes that each of these generalized objections are "incorporated by [] reference into each specific objection set forth" in his responses.

Some of these objections do not appear supported by the Federal Rules of Civil Procedure.  Moreover, it is unclear whether Plaintiff is withholding any information based on these general objections because he failed to produce a privilege log.  In any event, we believe these objections are improper before the U.S. District Court for the Northern District of West Virginia.  "[G]eneral objections to interrogatories and requests for production of documents are prohibited." *Fisher v. Baltimore Life Ins. Co.*, 235 F.R.D. 617, 624 (N.D.W. Va. 2006).  "Indeed, Federal Rule of Civil Procedure 34(b)(2)(B) requires the objecting party to "state with specificity the grounds for objecting to the request, including the reasons." *City of New Martinsville, W. Virginia v. Liberty Mut. Ins. Co.*, No. 5:17-CV-87, 2018 WL 4868962, at *1 (N.D.W. Va. May 18, 2018).  "The mere recitation of the familiar litany that an interrogatory or document

4

production request is overly broad, burdensome, oppressive and irrelevant will not suffice." PLX, Inc. v. Prosystems, Inc., 220 F.R.D. 291, 293 (N.D.W. Va. 2004). Moreover, these boilerplate objections to discovery requests are disfavored in the Fourth Circuit. *See, e.g., Hager v. Graham*, 267 F.R.D. 486, 492 (N.D.W. Va. 2010) ("[G]eneral objections to discovery, without more, do not satisfy the burden of the responding party . . . because they cannot be applied with sufficient specificity to enable courts to evaluate their merits."); *Mills v. East Gulf Coast Preparation Co., LLC*, 259 F.R.D. 118, 132 (S.D.W. Va. 2009) ("[B]oilerplate objections regurgitating words and phrases from Rule 26 are completely unacceptable."). Therefore, Defendant WVUBOG respectfully requests that any information has been withheld based on these objection be produced to a privilege log provided.

**B.   Plaintiff should be directed to provide full and complete responses to the following discovery requests by the WVUBOG as they seek information and documents relevant to Plaintiff's claims as well as damages sought and discoverable based on the needs of this case.**

**Interrogatory No. 1 / Request for Production No. 1:**

This interrogatory asked Plaintiff to identify prior employment, including his compensation and the reasons that he separated from each position. Additionally, the corresponding document request asked Plaintiff to execute an authorization to allow the WVUBOG to obtain his employment records. Plaintiff asserted several boilerplate objections and then directed the WVUBOG to Linkedin.com. Plaintiff's response does not provide a direct link to his Linkedin profile, nor does it explain why Plaintiff left his prior positions (i.e., did he resign or was his employment terminated?) or identify his prior compensation. Information regarding prior employment is relevant and discoverable in a discrimination case, particularly where, as here, Plaintiff has alleged lost wages and harm to his reputation. This information also goes to Plaintiff's priorities while serving on the USEA grant team and his credibility regarding

5

his alleged working conditions at WVU. Accordingly, Defendant WVUBOG requests that Plaintiff be directed to provide any responsive information to all subparts as well as an executed authorization.

**Interrogatory No. 2 / Request for Production No. 4:**

Interrogatory No. 2 asked Plaintiff to identify applications for employment from January 1, 2010, to the present. Plaintiff objected, claiming that the information is not relevant since he is currently an employee at WVU. Plaintiff claims that Defendants subjected him to unfavorable treatment based on his national origin and religion and wanted to make him hate being at WVU so much that he would want to leave by himself. As with Interrogatory No. 1, this request is relevant to Plaintiff's credibility regarding his working conditions at WVU and any alleged harm to reputation. Accordingly, Defendant WVUBOG requests that Plaintiff be directed to provide any information and documents responsive to and sought by Interrogatory No. 2 and Request for Production No. 4.

**Interrogatory No. 3:**

This interrogatory asked Plaintiff to identify his income from January 1, 2018, to the present. Plaintiff asserted "qualified privilege" and refused to provide any information apart from income received from the University of Wyoming in 2021 and the University of Pittsburgh in 2022. West Virginia district courts have never recognized that sources of income are protected against disclosure under qualified privilege in employment cases. The requested information is relevant based upon Plaintiff's claims for economic damages and loss of professional and personal reputation. Additionally, Plaintiff's income is relevant in terms of his credibility and motivation with asserting the claims in this case and his priories while serving on

the USEA grant team. Accordingly, Defendant WVUBOG requests that Plaintiff be directed to provide any responsive information to Interrogatory No. 3.

**Interrogatory No. 4 / Request for Production No. 2:**

These discovery requests asked Plaintiff to identify who has prepared his tax returns from 2018 to the present and to provide an executed authorization to permit the WVUBOG to obtain his state and federal tax for the same time period. Plaintiff asserted "qualified privileged" and claimed that WVU has access to his payroll records with the University. Again, the Northern District of West Virginia has never recognized that sources of income are protected against disclosure under qualified privilege in employment cases. Moreover, WVU has no records on any outside income that Plaintiff may have earned from 2018 to present. Even courts that have acknowledged this privilege have noted that "income tax returns provide what . . . may be the best source of complete and competent information as to that party's income. In such circumstances, the courts have not been hesitant to find that the information sought bears some relevance to the litigation." *E. Auto Distributors, Inc. v. Peugeot Motors of Am., Inc.*, 96 F.R.D. 147, 149 (E.D. Va. 1982). For the same reasons identified with respect to Interrogatory No. 3, Plaintiff's tax returns are relevant. Further, as a party to litigation, Plaintiff has a separate and independent obligation to respond to discovery. *See Morley v. Energy Serv. of Am. Corp.*, No. 3:22-CV-00375, 2023 WL 3167438, at *1 (S.D.W. Va. Apr. 28, 2023) ("A general instruction by the answering party to 'go search your own records' is not an adequate response"); *Phoenix Process Equip. Co. v. Cap. Equip. & Trading Corp.*, No. 3:16-CV-00024, 2021 WL 1062553, at *28 (W.D. Ky. Mar. 19, 2021) ("A party cannot avoid its discovery obligations by simply stating that the other side had possession of the requested documents preceding the litigation."). Directing the WVUBOG to search its own records is improper; thus, Defendant requests that

Plaintiff be directed to provide any responsive information and documents sought by Interrogatory No. 4 and Request for Production No. 2.

**Interrogatory No. 5 / Request for Production No. 43:**

These requests asked Plaintiff to identify all civil actions or administrative proceedings that he has filed or has been involved in and to provide the complaint or charge and document identifying counsel of record for each matter. Plaintiff objected based on relevancy, refused to provide information regarding any civil actions, and stated he has filed four grievances against WVU. The information sought is reasonably calculated to lead to the discovery of admissible evidence as to the issues of liability, damages, and witness credibility. Fed. R. Evid. 404(b)(2); *see also Cont'l Res., Inc. v. Montana Oil Properties, Inc.*, No. 05-cv-74, 2006 WL 8435789, at *3 (D. Mont. Feb. 2, 2006) ("Even though certain prior lawsuit information may not be admissible at trial, it may lead to the discovery of admissible evidence."). It appears that Plaintiff has filed administrative charges against the University of Wyoming and/or the USEA, which would be relevant to his claims and responsive to Interrogatory No. 5 and Request for Production No. 43. Therefore, Defendant WVUBOG requests that Plaintiff be directed to respond to those requests.

**Interrogatory No. 7:**

This interrogatory asked Plaintiff to identify witnesses to any facts set forth in his Amended Complaint. Specifically, Plaintiff was asked to identify by paragraph number or allegation in the Amended Complaint for which each witness has direct or personal knowledge. Plaintiff did not answer the interrogatory. Instead, he simply made general reference to his Supplemental Initial Disclosures that identify approximately 70 witnesses but fail to identify any information for which each disclosed witness may have knowledge. This requested information

is relevant and discoverable, and a complete response is needed so that Defendant WVUBOG may determine who will need to be deposed in this case. This is especially important given the limitations associated with discovery depositions under the Federal Rules of Civil Procedure. Accordingly, Defendant WVUBOG requests that Plaintiff respond to Interrogatory No. 7 by identifying the specific paragraphs or allegations in the Amended Complaint for which each disclosed witness has direct or personal knowledge.

**Interrogatory No. 9:**

This interrogatory asked Plaintiff to identify all individuals he has communicated with about the allegations in his Amended Complaint. Plaintiff responded "his attorneys, his spouse, his family members and his close personal friends" but failed to identify any of these family members or close personal friends. Therefore, Defendants requests that Plaintiff be directed to identify these individuals by name and address in accordance with the Local Rule 26.02(c)(3).

**Interrogatory Nos. 10 - 12 / Request for Production No. 3:**

These requests asked Plaintiff to identify his medical providers and prescriptions and execute an authorization to allow the WVUBOG to obtain records of the same. Plaintiff objected based on "doctor-patient privilege" and then noted that he only seeks "garden variety emotional distress such that his mental condition is not being put in issue . . . ." As an initial matter, any physician-patient privilege is implicitly waived as Plaintiff has placed his emotional well-being at issue in this litigation. *Grant v. Monsanto Co.*, 151 F.R.D. 285, 287 (S.D.W. Va. 1993). His Amended Complaint expressly seeks economic damages and claims he has suffered emotional distress as a result of Defendants' alleged conduct. If Plaintiff intends to recover emotional distress damages, then Defendants are entitled to discover information related to other stressors experienced by Plaintiff. *See Pajak v. Under Armour, Inc.*, No. 1:19-CV-160, 2020 WL 265205,

(N.D.W. Va. Jan. 17, 2020) (collecting cases and noting that medical records are subject to discovery when a party claims emotional or mental distress). Accordingly, Plaintiff should be directed to disclose the healthcare providers with whom he has treated for his garden variety emotional distress.

**Interrogatory No. 13:**

This interrogatory asked Plaintiff to itemize his special or quantifiable damages. Instead of responding to the interrogatory, Plaintiff stated he intends to rely on experts to itemize and prove his damages. While Plaintiff may defer to an expert to provide support for his computation of quantified damages, his response fails to even specify what type of special damages he is seeking in this case (i.e., cost of medical bills). Plaintiff was required but also failed to provide a computation of each category of damages he seeks in this case in his Rule 26(a)(1) initial disclosures. Additionally, itemizing the type of special damages Plaintiff seeks may limit discovery issues in this case. Accordingly, Defendant WVUBOG requests that Plaintiff be directed to provide any responsive information to Interrogatory No. 13.

**Request for Production No. 44:**

In response to this request, Plaintiff objected to providing communications and documents related his employment with WVU, this lawsuit, and his emotional and physical condition, communications with current or former employees, and allegations set forth in his Complaint, asserting this request is overly broad and unduly burdensome. Based on the claims asserted by Plaintiff and defenses available to Defendants, responsive, relevant communications and documents may include but is not limited to the following subject matters:

- All professional and personal interactions Mr. Farah had with the named defendants and colleagues in his Department that Mr. Farah claims were discriminatory;
- Mr. Farah's requests for modification of duties;

- Any reports or complaints Mr. Farah has made about alleged mistreatment, work environment, his Department, the USEA grant, or his employment with WVU;
- Mr. Farah's interest and involvement in as well as this removal from the USEA grant; and
- Any communications with family, colleagues, or friends regarding any counseling or mental health treatment obtained by Mr. Farah or any past or current experiences or situations that have caused Mr. Farah emotional distress.

Accordingly, Defendant WVUBOG requests that Plaintiff be directed to provide any responsive information to Request for Production No. 44.

**Request for Production No. 45:**

This request asked Plaintiff to provide information from his Facebook account as it relates to his employment with WVU, this lawsuit, his emotional or physical condition, or any other matter set forth in his Complaint. Plaintiff asserted a boilerplate objection that this request is overly broad and unduly burdensome without identifying any burden to Plaintiff in producing the requested information. Plaintiff's Amended Complaint, however, seeks damages for emotional distress, loss of reputation (both professionally and personally), and lost wages. Since Plaintiff has achieved the highest rank of Full Professor with Tenure, his claimed damages are presumably related primarily to his alleged mistreatment and emotional distress. *See e.g., Roberts v. Clark Cnty. Sch. Dist.*, 312 F.R.D. 594, 608 (D. Nev. 2016) (permitting social media disclosure but limiting the discovery to content referencing the lawsuit and the plaintiff's state of mind"); *Voe v. Roman Catholic Archbishop of Portland in Oregon*, 2015 WL 12669899 (D. Or. March 10, 2015) (limiting social media discovery to events lodged in the plaintiff's complaint and those related to the plaintiff's mental health issues); *Giacchetto v. Patchogue-Medford Union Free Sch. Dist.*, 293 F.R.D. 112, 116 (E.D.N.Y. 2013) (permitting discovery into social media accounts where plaintiff claimed emotional distress). The WVUBOG does not seek unfettered access to Plaintiff's Facebook account. Rather, based on the damages he seeks as well

as defenses available to Defendants, responsive, relevant information may include but is not limited to the following subject matters:

- Mr. Farah's work environment throughout his employment at WVU;
- Any reports or complaints Mr. Farah has made about his alleged mistreatment or work environment;
- The Defendants named and colleagues expressly referenced within the Amended Complaint;
- Facts and circumstances leading to Mr. Farah's requests for modification of duties;
- Mr. Farah's interest and involvement in the USEA grant;
- Mr. Farah's achievements and promotions throughout his employment at WVU;
- Mr. Farah's efforts to obtain alternative employment since he began working at WVU;
- Any counseling or mental health treatment obtained by Mr. Farah;
- Any past or current experiences or situations that have caused Mr. Farah emotional distress; and
- Any life activity that Mr. Farah claims has been affected by his emotional distress, such as sleeping, working, socializing, forming and maintaining relationships with friends, family, and romantic partners.

Therefore, this information is discoverable and the WVUBOG is entitled to inspect the same. Accordingly, Defendant WVU BOG requests that Plaintiff be directed to provide any responsive information to Request for Production No. 45.

**Document Production/Bates Numbers:**

In response to Requests for Production Nos. 5 – 34 and 46, Plaintiff produced approximately 8000 pages of documents without identifying the specific documents that are responsive to the requests. This "document dump" tactic is improper under the discovery rules as it can "bury relevant evidence and force the receiving party to expend considerable time and expense parsing through documents in order to glean information which may be relevant." *Scott Hutchison Enterprises, Inc. v. Cranberry Pipeline Corp.*, 318 F.R.D. 44, 54 (S.D.W. Va. 2016). Accordingly, Plaintiff should be directed to provide more specific description of the documents responsive to each request.

## **CONCLUSION**

For the reasons set forth above, Defendant WVUBOG requests that Plaintiff be directed to provide full and complete responses to its First Set of Interrogatories and Requests for Production.

Respectfully Submitted,

**WEST VIRGINIA UNIVERSITY**

**BOARD OF GOVERNORS**

*/s/ Wendy G. Adkins*
Wendy G. Adkins (WVSB # 9412)
Jackson Kelly PLLC
3000 Swiss Pine Way, Suite 200
Morgantown, West Virginia 26501
Telephone: 304-284-4100
Facsimile: 304-284-4142
wgadkins@jacksonkelly.com

and

Laura H. Lorensen (WVSB # 12748)
Jackson Kelly PLLC
500 Lee Street, East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: 304-340-1000
Facsimile:  304-340-1080
laura.lorensen@jacksonkelly.com

**Counsel for West Virginia University**
**Board of Governors**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Clarksburg Division**

**PAOLO FARAH,**

    **Plaintiff,**

v.                                            NO    1:22-CV-153 TSK

**WEST VIRGINIA UNIVERSITY
BOARD OF GOVERNORS, SAMUEL TAYLOR,
CODY STEWART, JESSE RICHARDSON,
MAJA HOLMES, KAREN KUNZ,
CHRISTOPHER PLEIN, COREY COLYER,
And LISA DEFRANK-COLE,**

    **Defendants**

## CERTIFICATE OF SERVICE

I, Wendy G. Adkins, hereby certify that on January 22, 2024, I electronically filed the foregoing Memorandum with the using the CM/ECF system, which will send notification of such filing to the following:

Sean W. Cook
309 Dolaron Lane
South Charleston, WV 25309
swcook1215@gmail.com


                                                      ***/s/ Wendy G. Adkins***
                                                      Wendy G. Adkins, Esquire (WVSB #9412)