**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Clarksburg Division**

**PAOLO FARAH,**

          **Plaintiff,**

**v.**

                                    **Case No. 1:22-cv-153-TSK**
                                    **Judge Thomas S. Kleeh**

**WEST VIRGINIA UNIVERSITY
BOARD OF GOVERNORS, SAMUEL TAYLOR,
CODY STEWART, JESSE RICHARDSON, MAJA
HOLMES, KAREN KUNZ, CHRISTOPHER
PLEIN, COREY COLYER,
and LISA DEFRANK-COLE,**

**Defendants.**

---

**PLAINTIFF PAOLO FARAH'S OBJECTIONS AND ANSWERS TO DEFENDANT
WEST VIRGINA UNIVERITY'S FIRST SET OF INTERROGATORIES**

---

### GENERAL OBJECTIONS TO INTEROGATORRIES

1.      Plaintiff objects to the Interrogatories, including their definitions and instructions, to the extent they seek to impose upon Plaintiff an obligation that is inconsistent with or greater than that imposed by Rule 33 of the Federal Rules of Civil Procedure, any applicable Orders, any other relevant rules, or any stipulation or agreement of the parties.

2.      Plaintiff objects to the Interrogatories to the extent they seek documents or information protected from discovery by the attorney-client privilege, the attorney work-product doctrine, the doctor-patient privilege, or any other applicable privilege or protection.  The inadvertent disclosure of such documents or information is not intended to be a waiver of any privilege or protection and shall not be deemed a waiver of any privilege or protection.

3.      Plaintiff objects to the Interrogatories to the extent they seek information or documents that are not within Plaintiff's possession, custody, or control. For Plaintiff to answer such Interrogatories would require her to conduct extensive and unreasonable investigative work. To this extent, the Interrogatories are overly broad and unduly burdensome.

4.      Plaintiff objects to the Interrogatories to the extent that the information they seek is equally accessible and available to Defendant or is a matter of public record.

5.      Plaintiff objects to the Interrogatories to the extent they are overly broad and unduly burdensome.

6.      Plaintiff objects to the Interrogatories to the extent that they are vague, ambiguous, or fail to describe the materials sought with sufficient particularity to allow Plaintiff to answer meaningfully.

7.      Plaintiff objects to the Interrogatories to the extent that they fail to specify or limit the applicable time period.

8.      Plaintiff objects to the Interrogatories to the extent they seek information already in the possession, custody, or control of Defendant on the grounds that it would be unduly burdensome to require Plaintiff to provide such information.

9.      Plaintiff objects to the Interrogatories to the extent they seek information that is within the exclusive possession, custody, or control of any individual, entity, or organization other than Plaintiff.

10.      Plaintiff objects to the Interrogatories to the extent that they seek information that is neither relevant to the claims or defenses involved in this action nor reasonably calculated to lead to the discovery of admissible evidence. By answering any Interrogatory, Plaintiff does not

admit the relevance of any Answer to the subject matter of this litigation. Plaintiff expressly reserves all her objections to the relevancy and admissibility of requested information.

11.     Plaintiff objects to the Interrogatories as unreasonably cumulative or duplicative to the extent the Interrogatories seek information which already has been sought by Defendant in other discovery requests, and to the extent the Interrogatories are themselves duplicative.

12.     Plaintiff objects to the Interrogatories to the extent that they seek information concerning Plaintiff 's contentions or positions regarding legal issues in this litigation and are premature because discovery in this action is continuing and incomplete.

13.     By answering any specific Interrogatory, Plaintiff does not, in any way, waive her right to object on grounds of relevancy, privilege, or the admissibility of the answer as evidence for any purpose in this action or any other action.

14.     Plaintiff reserves the right to assert additional objections to the Interrogatories as appropriate and to amend or supplement these answers and objections in accordance with the applicable rules and orders upon discovery during the course of this action with further responsive information. Plaintiff also reserves the right to object to the use of any of her answers at any hearing or trial, as Plaintiff deems necessary and/or appropriate. To the extent that Plaintiff may provide documents in response to any Interrogatory, Plaintiff does so without limiting or waiving any of the substantive objections she may otherwise have available.

15.     Plaintiff expressly reserves, and does not waive, her right to supplement or modify the objections provided herein.

16.     Each of these General Objections is incorporated by this reference into each specific objection set forth below. By setting forth such specific objections, Plaintiff does not intend to limit or otherwise restrict the General Objections as set forth above.

## **INTERROGATORIES**

1. Identify the name, address, and telephone number for each employment position you have had from January 1, 2010, to the present, including any self-employment, and also provide the following information: (a) Date(s) of employment;

(b) Job title(s) and description of job duties;

(c) Rate of pay, salary, hours of work, and a complete description of all employment benefits (e.g., pension, insurance benefits, etc.); and

(d) Reason(s) for your separation from each employment.

> **OBJECTION AND ANSWER:** Plaintiff objects to this Interrogatory as overly broad.
> Subject to and without waiving this objection, Plaintiff directs Defendant to publicly
> available work history information on Linkedin.com.

2. Identify the name, address and telephone number for each and every place of employment (individual, business or other entity) to which Plaintiff has applied, interviewed, or inquired about employment opportunities since January 1, 2010, to the present. As to each, provide the following information:

(a) Date(s) of each inquiry, application, or interview;

(b) Position(s) applied for, and rate of pay and benefits requested and/or offered based upon each inquiry;

(c) Outcome of each interview, inquiry, or application (e.g., job offer, no job offer, reject/accept job offer, etc.); and

(d) Identify the individual(s) that you interviewed or spoke with regarding employment.

**OBJECTION AND ANSWER:** Plaintiff objects to this Interrogatory as irrelevant. Subject to and without waiving this objection, Plaintiff is an employee at WVU and is not obligated to mitigate damages. The status of his job search is irrelevant to Plaintiff's claims and irrelevant to the damages he seeks.

3. List any and all income on an annual basis, including the source of that income, that Plaintiff has received from January 1, 2018, through the present.

**OBJECTION AND ANSWER**: Plaintiff objects to this Interrogatory on the basis of qualified privilege *see* objection and answer to Interrogatory no.4. Subject to and without waiving these objections, in 2021 Plaintiff received wages from the University of Wyoming and in 2022 Plaintiff received wages from the University of Pittsburgh. Please Refer to the Document Tracking Sheet for Plaintiff's respective W2's.

4. Provide the name, address and telephone number of any person or entity who has prepared your federal or state tax returns for tax years 2018 through the present.

**OBJECTION AND ANSWER:** Plaintiff objects to this Interrogatory as irrelevant, unduly burdensome, and a violation of the qualified privilege that attaches to tax returns. State and federal tax returns with supporting schedules and documentation enjoy a qualified privilege for discovery purposes. *See E. Auto Distribs., Inc. v. Peugeot Motors of Am.*, 96 F.R.D. 147, 148 (E.D. Va. 1982). Tax returns are not discoverable in litigation unless (1) the returns contain relevant information, and (2) the information is not available from other sources. *Gillespie v. Melyakov*, WGC-09-169, 2009 WL 10685581,

at *2 (D. Md. Nov. 25, 2009). W-2s are an acceptable alternate source of information of a

plaintiff's income. *See id.* at *3. The court found that together with W-2s and 1099s, the

defendant had a complete and thorough history of plaintiff's earned income. *See id.*

Subject to and without waiving this objection set forth above, Farah responds as follows:

WVU already has access to all of Farah's pay records from WVU. Farah will produce all

his W-2s and 1099s from 2018 to present and other nonprivileged documents showing

any income during that period that is not from WVU. Farah reserves his right to

supplement his response pending the completion of discovery.


5. Identify any civil action or administrative proceeding which you have filed or in which you

have been involved, either as plaintiff or defendant (other than the present action), including:

(a) A brief description of the nature of the legal action;

(b) The names of the parties involved;

(c) The jurisdiction of the legal action; and,

(d) The status or disposition of the legal action, including any settlements, awards, or judgments.

**OBJECTION AND ANSWER:** Plaintiff objects to this Request to the extent it is

irrelevant. Prior civil action and/or administrative proceedings which Plaintiff has filed

have no bearing on the claims and damages at hand. Subject to and without waiving these

objections, Plaintiff has filed four grievances against WVU in 2017 (for which he was

represented by Attorney Bader Giggenbach), 2021 (for which he was represented by

Attorney Anthony Brunicardi and he is now represented by Attorney Walt Auvil), 2022

(for which he was represented by Attorney Anthony Brunicardi and he is now

represented by Attorney Walt Auvil) and 2023 (for which he is represented by Attorney

Walt Auvil), the last three remain pending].

6. Please state whether you have ever been charged, plead guilty to, or convicted of any criminal

offense? If so, please state:

(a) The nature of the criminal offense;

(b) The date and place of the charge, plea, or conviction;

(c) The court which handled the proceeding; and

(d) The disposition, including any fines imposed or probation or prison time served.

> **OBJECTION AND ANSWER:** Plaintiff objects to this Request to the extent of the
>
> aforementioned general objections. Subject to and without waiving these objections,
>
> Plaintiff has never been charged, plead guilty to, or convicted of any criminal offense
>
> (not including minor traffic offenses).

7. Identify the names, addresses and telephone numbers of each and every person who Plaintiff

believes has personal knowledge to support the allegations as set forth in the Complaint, and

identify as to each such person the specific allegation of the Complaint for which each person

may have personal knowledge.

> **OBJECTION AND ANSWER:** Plaintiff objects to this Request as overly broad and
>
> duplicative. Subject to and without waiving these objections, Plaintiff refers Defendant to
>
> and incorporates by this reference his Supplemental Initial Disclosures served on
>
> September 26, 2023.

8. Identify the names, addresses and telephone numbers of all witnesses, other than expert witnesses, you may call upon to testify at trial, and state the general nature of what facts or information he or she may be able to provide in support of your claims or alleged damages in this civil action.

> **OBJECTION AND ANSWER:** Plaintiff objects to this Request as unduly burdensome. Subject to and without waiving this objection, Plaintiff identifies that all who are listed in the Supplemental Initial Disclosures are potential witnesses. In addition, also the following could be called as witnesses: WVU Tim Carr, WVU Melissa Giggenbach, Attorney Baider Giggenbach (Plaintiff's former legal counsel), WVU Jamie Van Nostrand).

9. Identify all persons with whom you have had any communication about the allegations in your Complaint.

> **OBJECTION AND ANSWER:** Plaintiff objects to this Request to the extent of the aforementioned general objections. Subject to and without waiving these objections, witnesses to the allegations raised in Plaintiff's Amended Complaint include: Plaintiff, his attorneys, his spouse, his family members and his close personal friends.

10. Because your Complaint claims that you suffered emotional distress as a result of the actions of Defendants, identify each physician, health care provider, counselor, psychologist, psychiatrist, hospital, clinic, therapist, and any other healthcare or medical provider that you have treated with from January 1, 2018, to present, identifying for each the address, telephone number, and dates of treatment.

**OBJECTION AND ANSWER:** Plaintiff objects as overly broad and asserts the doctor-patient privilege. Subject to and without waiving the foregoing general objections, Plaintiff only asserts so-called garden-variety emotional distress such that his mental condition is not being put in issue, and such that those medical records being requested are nor relevant.

11. Because your Complaint claims that you suffered emotional distress as a result of the actions of Defendants, please state whether you have ever in the past, prior to the incidents alleged in your Complaint, been treated for any type of emotional, psychiatric, psychological or mental health condition or concern by any type of health care or mental health professional, identifying by name, address, and telephone number the name of the professional, the approximate date or range of dates during which you received treatment from that professional and the reasons for the treatment.

**OBJECTION AND ANSWER:** Plaintiff objects as overly broad and asserts the doctor-patient privilege. See Answer to #10 above.

12. List each and every pharmacy or other facility where Plaintiff has had prescriptions filled from January 1, 2018, to the present, identifying the name, address and telephone number for each pharmacy, facility or provider.

**OBJECTION AND ANSWER:** Plaintiff objects as irrelevant and overly broad, and is covered by the doctor-patient privilege.  See Answer to #10 above.

13. Itemize completely all alleged special or quantifiable damages, including but not limited to lost or diminished wages and employment or other benefits, and any other expenses or losses which you maintain have been incurred because of any actions or conduct on behalf of Defendants. Also, identify all documents or tangible items that support your alleged damages.

>**OBJECTION AND ANSWER** Plaintiff objects to this Request to the extent of the aforementioned general objections. Subject to and without waiving these objections, Plaintiff intends to hire experts to help itemize and help prove his damages. He will produce these reports according to the schedule imposed by the Court. Plaintiff reserves the right to supplement this response during response to specific questions at his deposition or posed to him at trial. Plaintiff will be able to provide additional details to this Interrogatory in response to specific questions during his deposition. Plaintiff is also seeking his reasonable attorney's fees and costs if he is successful in this case.

14. If you contend that any defendant named in the Complaint has, directly or indirectly, made any admission or declaration against interest concerning this case, the subject matter of this case, the allegations contained in the Complaint, or any other issue related to this case, identify any such admission or declaration, including when it was made and to whom it was made.

>**OBJECTION AND ANSWER:** Plaintiff objects to this Request to the extent of the aforementioned general objections. Subject to and without waiving these objections, Plaintiff is not aware of any defendant named in the Complaint who has directly or indirectly made any admission or declaration against interest concerning this case, the subject matter of this case, the allegations contained in the Complaint, or any other issue related to this case.

Dated: October 20, 2023                    Respectfully submitted,


/s/Adam Augustine Carter

R. Scott Oswald, *admitted pro hac vice*
Adam Augustine Carter, *admitted pro hac vice*
The Employment Law Group, P.C.
1717 K Street NW, Suite 1110
Washington, D.C. 20006
(202) 261-2806 (telephone)
soswald@employmentlawgroup.com
acarter@employmentlawgroup.com



Drew M. Capuder, Esq.
Capuder Fantasia PLLC
1543 Fairmont Avenue, Suite 101
Fairmont, WV 26554
(304) 333-5261
dcapuder@capuderfantasia.com
*Counsels for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Clarksburg Division**

**PAOLO FARAH,**

          **Plaintiff,**

**v.**

                                             **Case No. 1:22-cv-153-TSK**
                                           **Judge Thomas S. Kleeh**

**WEST VIRGINIA UNIVERSITY
BOARD OF GOVERNORS, SAMUEL TAYLOR,
CODY STEWART, JESSE RICHARDSON, MAJA
HOLMES, KAREN KUNZ, CHRISTOPHER
PLEIN, COREY COLYER,
and LISA DEFRANK-COLE,**

**Defendants.**

**CERTIFICATE OF SERVICE**

I, Adam Carter, counsel for Plaintiffs, hereby certify that, "*Plaintiff Paolo Farah's Objections And Answers To Defendant West Virgina University's First Set Of Interrogatories*" was served upon the following via email October 20, 2023.

Wendy G. Adkins, Esquire (WVSB #9412)
JACKSON KELLY PLLC
150 Clay Street, Suite 500
Morgantown, WV  26501
Tel: 304-284-4136
wgadkins@jacksonkelly.com

/s/ Adam Augustine Carter
Adam Augustine Carter

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Clarksburg Division

PAOLO FARAH,

        Plaintiff,

v.

                                              Case No. 1:22-cv-153-TSK
                                              Judge Thomas S. Kleeh

WEST VIRGINIA UNIVERSITY
BOARD OF GOVERNORS, SAMUEL TAYLOR,
CODY STEWART, JESSE RICHARDSON, MAJA
HOLMES, KAREN KUNZ, CHRISTOPHER
PLEIN, COREY COLYER,
and LISA DEFRANK-COLE,

Defendants.

---

**PLAINTIFF PAOLO FARAH'S OBJECTIONS AND RESPONSES TO DEFENDANT
WEST VIRGINIA UNIVERSITY'S PRODUCTION OF DOCUMENTS**

---

**GENERAL OBJECTIONS TO REQUEST FOR PRODUCTION**

1. Plaintiff objects to Requests, including their definitions and instructions, to the extent they seek to impose upon Plaintiff an obligation that is inconsistent with or greater than that imposed by Rule 34 of the Federal Rules of Civil Procedure, any applicable Orders, any other relevant rules, or any stipulation or agreement of the parties.

2. Plaintiff objects to the Requests to the extent they seek documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, the doctor-patient privilege, or any other applicable privilege or protection. The inadvertent disclosure of such documents or information is not intended to be a waiver of any privilege or protection and shall not be deemed a waiver of any privilege or protection.

3.      Plaintiff objects to the Requests to the extent they seek documents that are not within Plaintiff's possession, custody, or control.  For Plaintiff to respond to such Requests would require her to conduct extensive and unreasonable investigative work.  To this extent, the Requests are overly broad and unduly burdensome.

4.      Plaintiff objects to the Requests to the extent that the information they seek is equally accessible and available to Defendant or is a matter of public record.

5.      Plaintiff objects to the Requests to the extent they are overly broad and unduly burdensome.

6. Plaintiff objects to the Requests to the extent that they are vague, ambiguous, or fail to describe the materials sought with sufficient particularity to allow Plaintiff to respond meaningfully.

7. Plaintiff objects to the Requests to the extent that they fail to specify or limit the applicable time period.

8. Plaintiff objects to the Requests to the extent they seek documents already in the possession, custody, or control of Defendant on the grounds that it would be unduly burdensome to require Plaintiff to provide such documents.

9. Plaintiff objects to the Requests to the extent they seek documents that are within the exclusive possession, custody, or control of any individual, entity, or organization other than Plaintiff.

10. Plaintiff objects to the Requests to the extent that they seek documents that are neither relevant to the claims or defenses involved in this action nor reasonably calculated to lead to the discovery of admissible evidence.  By responding to any Request, Plaintiff does not admit the

relevance of any Response or any such document to the subject matter of litigation. Plaintiff expressly reserves all her objections to the relevancy and admissibility of requested documents.

11. Plaintiff objects to the Requests as unreasonably cumulative or duplicative to the extent the Requests seek information which already has been sought by Defendant in other discovery requests, and to the extent the Requests are themselves duplicative.

12. Plaintiff objects to the Requests to the extent that they seek information concerning Plaintiff's contentions or positions regarding legal issues in this litigation and are premature because discovery in this action is continuing and incomplete.

13.     By agreeing to respond to any specific Request, Plaintiff does not, in any way, waive her right to object on grounds of relevancy, privilege, or the admissibility of the response as evidence for any purpose in this action or any other action.

14. Plaintiff reserves the right to assert additional objections to the Requests as appropriate and to amend or supplement these responses and objections in accordance with the applicable rules and orders upon discovery during the course of this action with further responsive information. Plaintiff also reserves the right to object to the use of any of her responses at any hearing or trial, as Plaintiff deems necessary and/or appropriate. To the extent that Plaintiff may provide documents in response to any Request, Plaintiff does so without limiting or waiving any of the substantive objections she may otherwise have available.

15. Plaintiff expressly reserves, and does not waive, her right to supplement or modify the objections provided herein.

16.     Each of these General Objections is incorporated by this reference into each specific objection set forth below. By setting forth such specific objections, Plaintiff does not intend to limit or otherwise restrict the General Objections as set forth above.

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

1. Execute and return the attached "*Authorization for Release of Employment Information and Records*" to enable Defendants' counsel to obtain the employment applications, employment records, and related records of Plaintiff. (Defendants' counsel will provide a copy of all records received to Plaintiff's counsel free of charge.)

> **OBJECTION AND RESPONSE:** Plaintiff objects to this Request as irrelevant and unduly burdensome. Subject to and without waiving these objections,  Plaintiff directs Defendant to publicly available work history information on Linkedin.com. In addition, Plaintiff is an employee at WVU and is not obligated to mitigate damages. The status of his job search is irrelevant to Plaintiff's claims and irrelevant to the damages he seeks.

2. Produce complete copies of all of your state and federal tax returns, including 1099 Forms, W-2 Forms and other attachments, from 2018 to the present. Also, execute and return the attached "*Authorization for Release of State and Federal Income Tax, 1099 and W-2 Information*" to enable Defendants' counsel to obtain the tax records of Plaintiff. (Defendants' counsel will provide a copy of all records received to Plaintiff's counsel free of charge. Defendants' counsel is also willing to place records received pursuant to this authorization under a reasonable protective order.)

> **OBJECTION AND RESPONSE:** Plaintiff objects to this Request to the extent of the aforementioned general objections, specifically qualified privilege. State and federal tax returns with supporting schedules and documentation enjoy a qualified privilege for

discovery purposes. *See E. Auto Distribs., Inc. v. Peugeot Motors of Am.*, 96 F.R.D. 147,
148 (E.D. Va. 1982). Tax returns are not discoverable in litigation unless (1) the returns
contain relevant information, and (2) the information is not available from other sources.
*Gillespie v. Melyakov*, WGC-09-169, 2009 WL 10685581, at *2 (D. Md. Nov. 25, 2009).
W-2s are an acceptable alternate source of information of a plaintiff's income. *See id.* at
*3. The court found that together with W-2s and 1099s, the defendant had a complete and
thorough history of plaintiff's earned income. *See id.* Subject to and without waiving this
objection set forth above, Farah responds as follows: WVU already has access to all of
Farah's pay records from WVU. Farah will produce all his W-2s and 1099s from 2018 to
present and other nonprivileged documents showing any income during that period that is
not from WVU. Farah reserves his right to supplement his response pending the
completion of discovery.

3. Execute and return the attached "*Authorization for the Release of Health Information*" to
enable Defendants' counsel to obtain the medical records of Plaintiff from the health care,
mental health professionals, and pharmacists identified in response to Interrogatory Nos. 10, 11,
and 12. (Defendants' counsel will provide a copy of all records received to Plaintiff's counsel
free of charge. Defendants' counsel is also willing to place records received pursuant to this
authorization under a reasonable protective order.)

   **OBJECTION AND RESPONSE:** Plaintiff objects as overly broad and asserts the
   doctor-patient privilege.

4. Produce all documents related to any attempts to obtain employment with any other employer or individual or self-employment from January 1, 2017, through the present, including but not limited to, job applications, resumes, job offers, and job denial letters.

> **OBJECTION AND RESPONSE:** Plaintiff objects to this Request as irrelevant and unduly burdensome. Plaintiff is an employee at WVU and is not obligated to mitigate damages. The status of his job search is irrelevant to Plaintiff's claims and irrelevant to the damages he seeks.

5. Produce complete copies of any and all notes, text messages, e-mails, text messages, electronic communications or images, letters, diaries, journals, calendars, items, recordings, or any other documents and records of any kind, in whatever form they exist, that relate in any way to the allegations set forth in your Complaint, Defendants' defenses or your employment with West Virginia University.

> **OBJECTION AND RESPONSE:** Plaintiff objects to this Request to the extent of the aforementioned general objections. Subject to and without waiving these objections, please refer to Plaintiff's Document Production Sheet.

6. Produce copies of any and all photographs, audiotapes, videotapes, recordings (audio, video, electronic, cell phone or any other type from any device), which depict or relate in any way to the facts and circumstances of this matter or issues of liability, damages, party admissions or witness credibility.

**OBJECTION AND RESPONSE:** Plaintiff objects to this Request to the extent of the aforementioned general objections. Subject to and without waiving these objections, please refer to Plaintiff's Document Production Sheet.

7. Produce copies of any documents in your possession, custody or control regarding the facts and circumstances giving rise to the Amended Complaint.

**OBJECTION AND RESPONSE:** Plaintiff objects to this Request to the extent of the aforementioned general objections. Subject to and without waiving these objections, please refer to Plaintiff's Document Production Sheet.

8. Produce complete copies of all text messages and images, e-mails, electronic communications, attachments or other communications you sent to or received from any employee or agent of West Virginia University regarding the allegations in your Complaint.

**OBJECTION AND RESPONSE:** Plaintiff objects to this Request to the extent of the aforementioned general objections. Subject to and without waiving these objections, please refer to Plaintiff's Document Production Sheet.

9. Produce any communication (including but not limited to emails, text messages, social media messages, or any other form of digital communication) between you and Samuel Taylor which depict or relate in any way to the facts and circumstances of this lawsuit or issues of liability, damages or witness credibility in this civil action.

**OBJECTION AND RESPONSE:** Plaintiff objects to this Request to the extent of the aforementioned general objections. Subject to and without waiving these objections, please refer to Plaintiff's Document Production Sheet.

10. Produce any communication (including but not limited to emails, text messages, social media messages, or any other form of digital communication) between you and Jessie Richardson which depict or relate in any way to the facts and circumstances of this lawsuit or issues of liability, damages or witness credibility in this civil action.

**OBJECTION AND RESPONSE:** Plaintiff objects to this Request to the extent of the aforementioned general objections. Subject to and without waiving these objections, please refer to Plaintiff's Document Production Sheet.

11. Produce any communication (including but not limited to emails, text messages, social media messages, or any other form of digital communication) between you and Cody Stewart which depict or relate in any way to the facts and circumstances of this lawsuit or issues of liability, damages or witness credibility in this civil action.

**OBJECTION AND RESPONSE:** Plaintiff objects to this Request to the extent of the aforementioned general objections. Subject to and without waiving these objections, please refer to Plaintiff's Document Production Sheet.

12. Produce any communication (including but not limited to emails, text messages, social media messages, or any other form of digital communication) between you and Maja Holmes which depict or relate in any way to the facts and circumstances of this lawsuit or issues of liability, damages or witness credibility in this civil action.

**OBJECTION AND RESPONSE:** Plaintiff objects to this Request to the extent of the aforementioned general objections. Subject to and without waiving these objections, please refer to Plaintiff's Document Production Sheet.

13. Produce any communication (including but not limited to emails, text messages, social media messages, or any other form of digital communication) between you and Karen Kunz which depict or relate in any way to the facts and circumstances of this lawsuit or issues of liability, damages or witness credibility in this civil action.

**OBJECTION AND RESPONSE:** Plaintiff objects to this Request to the extent of the aforementioned general objections. Subject to and without waiving these objections, please refer to Plaintiff's Document Production Sheet.

14. Produce any communication (including but not limited to emails, text messages, social media messages, or any other form of digital communication) between you and Chris Plein which depict or relate in any way to the facts and circumstances of this lawsuit or issues of liability, damages or witness credibility in this civil action.

**OBJECTION AND RESPONSE:** Plaintiff objects to this Request to the extent of the aforementioned general objections. Subject to and without waiving these objections, please refer to Plaintiff's Document Production Sheet.

15. Produce any communication (including but not limited to emails, text messages, social media messages, or any other form of digital communication) between you and Gregory Dunaway which depict or relate in any way to the facts and circumstances of this lawsuit or issues of liability, damages or witness credibility in this civil action.

> **OBJECTION AND RESPONSE:** Plaintiff objects to this Request to the extent of the aforementioned general objections. Subject to and without waiving these objections, please refer to Plaintiff's Document Production Sheet.

16. Produce any communication (including but not limited to emails, text messages, social media messages, or any other form of digital communication) between you and Tara Righetti which depict or relate in any way to the facts and circumstances of this lawsuit or issues of liability, damages or witness credibility in this civil action.

> **OBJECTION AND RESPONSE:** Plaintiff objects to this Request to the extent of the aforementioned general objections. Subject to and without waiving these objections, please refer to Plaintiff's Document Production Sheet.

17. Produce any communication (including but not limited to emails, text messages, social media messages, or any other form of digital communication) between you and Kris Koski which depict or relate in any way to the facts and circumstances of this lawsuit or issues of liability, damages or witness credibility in this civil action.

> **OBJECTION AND RESPONSE:** Plaintiff objects to this Request to the extent of the aforementioned general objections. Subject to and without waiving these objections, please refer to Plaintiff's Document Production Sheet.

18. Produce complete copies of any statements or affidavits taken from any person that pertain to the facts and circumstances of this lawsuit.

>    **OBJECTION AND RESPONSE:** Plaintiff objects to this Request to the extent of the aforementioned general objections. Subject to and without waiving these objections, Plaintiff has no affidavits to produce.

19. Produce complete copies of any and all documents, electronic communications or other items that you contend support the allegations in Paragraph 13 of your Amended Complaint.

>    **OBJECTION AND RESPONSE:** Plaintiff objects to this Request to the extent of the aforementioned general objections. Subject to and without waiving these objections, please refer to Plaintiff's Document Production Sheet.

20. Produce complete copies of any and all documents, electronic communications or other items that you contend support the allegations in Paragraph 20 of your Amended Complaint.

>    **OBJECTION AND RESPONSE:** Plaintiff objects to this Request to the extent of the aforementioned general objections. Subject to and without waiving these objections, please refer to Plaintiff's Document Production Sheet.

21. Produce complete copies of any and all documents, electronic communications or other items that you contend support the allegations in Paragraph 22 of your Amended Complaint.

**OBJECTION AND RESPONSE:** Plaintiff objects to this Request to the extent of the aforementioned general objections. Subject to and without waiving these objections, please refer to Plaintiff's Document Production Sheet.

22. Produce complete copies of any and all documents, electronic communications or other items that you contend support the allegations in Paragraph 24 of your Amended Complaint.

**OBJECTION AND RESPONSE:** Plaintiff objects to this Request to the extent of the aforementioned general objections. Subject to and without waiving these objections, please refer to Plaintiff's Document Production Sheet.

23. Produce complete copies of any and all documents, electronic communications or other items that you contend support the allegations in Paragraph 25 of your Amended Complaint.

**OBJECTION AND RESPONSE:** Plaintiff objects to this Request to the extent of the aforementioned general objections. Subject to and without waiving these objections, please refer to Plaintiff's Document Production Sheet.

24. Produce complete copies of any and all documents, electronic communications or other items that you contend support the allegations in Paragraph 26 of your Amended Complaint.

**OBJECTION AND RESPONSE:** Plaintiff objects to this Request to the extent of the aforementioned general objections. Subject to and without waiving these objections, please refer to Plaintiff's Document Production Sheet.

25. Produce complete copies of any and all documents, electronic communications or other items that you contend support the allegations in Paragraph 27 of your Amended Complaint.

> **OBJECTION AND RESPONSE:** Plaintiff objects to this Request to the extent of the aforementioned general objections. Subject to and without waiving these objections, please refer to Plaintiff's Document Production Sheet.

26. Produce complete copies of any and all documents, electronic communications or other items that you contend support the allegations in Paragraph 29 of your Amended Complaint.

> **OBJECTION AND RESPONSE:** Plaintiff objects to this Request to the extent of the aforementioned general objections. Subject to and without waiving these objections, please refer to Plaintiff's Document Production Sheet.

27. Produce complete copies of any and all documents, electronic communications or other items that you contend support the allegations in Paragraph 30 of your Amended Complaint.

> **OBJECTION AND RESPONSE:** Plaintiff objects to this Request to the extent of the aforementioned general objections. Subject to and without waiving these objections, please refer to Plaintiff's Document Production Sheet.

28. Produce complete copies of any and all documents, electronic communications or other items that you contend support the allegations in Paragraph 40 of your Amended Complaint.

**OBJECTION AND RESPONSE:** Plaintiff objects to this Request to the extent of the aforementioned general objections. Subject to and without waiving these objections, please refer to Plaintiff's Document Production Sheet.

29. Produce complete copies of any and all documents, electronic communications or other items that you contend support the allegations in Paragraph 42 of your Amended Complaint.

**OBJECTION AND RESPONSE:** Plaintiff objects to this Request to the extent of the aforementioned general objections. Subject to and without waiving these objections, please refer to Plaintiff's Document Production Sheet.

30. Produce complete copies of any and all documents, electronic communications or other items that you contend support the allegations in Paragraph 43 of your Amended Complaint.

**OBJECTION AND RESPONSE:** Plaintiff objects to this Request to the extent of the aforementioned general objections. Subject to and without waiving these objections, please refer to Plaintiff's Document Production Sheet.

31. Produce copies of any items, documents or communications in your possession, custody or control which you believe support your claim of national origin and race discrimination.

**OBJECTION AND RESPONSE:** Plaintiff objects to this Request to the extent of the aforementioned general objections. Subject to and without waiving these objections, please refer to Plaintiff's Document Production Sheet.

32. Produce copies of any items, documents or communications in your possession, custody or control which you believe support your claim of religious discrimination.

    **OBJECTION AND RESPONSE:** Plaintiff objects to this Request to the extent of the aforementioned general objections. Subject to and without waiving these objections, please refer to Plaintiff's Document Production Sheet.

33. Produce copies of any items, documents or communications in your possession, custody or control which you believe support your claim of retaliation.

    **OBJECTION AND RESPONSE:** Plaintiff objects to this Request to the extent of the aforementioned general objections. Subject to and without waiving these objections, please refer to Plaintiff's Document Production Sheet.

34. To the extent not previously produced, identify and produce copies of all documents, items, communications, electronic communications, e-mails or text messages you contend support the allegations in your Complaint.

    **OBJECTION AND RESPONSE:** Plaintiff objects to this Request to the extent of the aforementioned general objections. Subject to and without waiving these objections, please refer to Plaintiff's Document Production Sheet.

35. Produce copies of all documents that support or reflect any alleged special or quantifiable damages which have been incurred by you as a result of your allegations against Defendants.

**OBJECTION AND RESPONSE:** Plaintiff objects to this Request to the extent of the aforementioned general objections. Subject to and without waiving these objections, Plaintiff intends to hire experts to help itemize and help prove his damages. He will produce these reports according to the schedule imposed by the Court. Plaintiff reserves the right to supplement this response during response to specific questions at his deposition or posed to him at trial. Plaintiff will be able to provide additional details to this Interrogatory in response to specific questions during his deposition. Plaintiff is also seeking his reasonable attorney's fees and costs if he is successful in this case.

36. Identify and provide copies of all exhibits that you intend to use at trial.

**OBJECTION AND RESPONSE:** Plaintiff objects to this Request to the extent it is vague, unduly burdensome, and overly broad. Plaintiff also objects to the Interrogatory as premature as discovery is ongoing in this matter. As a result, Plaintiff specifically reserves the right to supplement this response. Plaintiff also objects to the extent that this calls for him to reveal the contents of attorney-client privileged communications and information protected by the attorney work product doctrine. Decisions have not yet been made about which documents will be used as exhibits at trial.

37. Provide copies of any exhibits to be used at trial which reflect the findings, opinions or conclusions of Plaintiff's expert witness(es).

**OBJECTION AND RESPONSE:** Plaintiff objects to this Request to the extent it is vague, unduly burdensome, and overly broad. Subject to and without waiving these objections, *see* response to No. 36.

38. Produce copies of all reports, including any draft reports or calculations, provided by any expert witness concerning any issues, claims or damages in this matter.

>    **OBJECTION AND RESPONSE:** Plaintiff objects to this Request to the extent of the aforementioned general objections. Subject to and without waiving these objections, Plaintiff has not hired an expert at this time.

39. Provide a current *curriculum vitae* for Plaintiff's expert witness(es).

>    **OBJECTION AND RESPONSE:** Plaintiff objects to this Request to the extent of the aforementioned general objections. Subject to and without waiving these objections, *see* response to No. 38.

40. Provide a current fee schedule for Plaintiff's expert witness(es), along with copies of any invoices or charges for services rendered in this matter.

>    **OBJECTION AND RESPONSE:** Plaintiff objects to this Request to the extent of the aforementioned general objections. Subject to and without waiving these objections, *see* response to No. 38.

41. Produce complete copies of any and all documents, e-mails, communications, documents or writings between Plaintiff's expert witness(es) and Plaintiff, Plaintiff's counsel and/or Plaintiff's agents or representatives.

>    **OBJECTION AND RESPONSE:** Plaintiff objects to this Request to the extent of the aforementioned general objections, specifically, the attorney-client privilege and attorney

work product privilege. Subject to and without waiving these objections, *see* response to No. 38. Plaintiff also objects to the extent that this calls for him to reveal the contents of attorney-client privileged communications and information protected by the attorney work product doctrine.

42. Produce copies of any and all documents or items reviewed or relied upon by each of Plaintiff's expert witnesses in connection with this case and in preparation of his or her findings, conclusions and/or opinions in this case.

> **OBJECTION AND RESPONSE**: Plaintiff objects to this Request to the extent of the aforementioned general objections. Subject to and without waiving these objections, *see* response to No. 38.

43. For each civil action, lawsuit, administrative proceeding, claim or other type of proceeding Plaintiff identified in his answers to interrogatories, produce a copy of any and all complaints and/or amended complaints and a certificate of service or document identifying all counsel or claims representatives involved in such proceeding, action or claim.

> **OBJECTION AND RESPONSE:** Plaintiff objects to this Request to the extent it is irrelevant and unduly burdensome. Subject to and without waiving these objections, previous unrelated civil action, lawsuit, administrative proceeding, claim,  or other type of proceeding are irrelevant to Plaintiff's claims. WVU has been a party to the only other claims that the Plaintiff has brought: (1) First Grievance; (2) Second Grievance, and (3) the prior case resolved in 2017.

44. Produce any and all correspondence, data, memoranda, notes, recordings (in their native format) or other documents, including text messages, emails, social media messenger (such as Facebook Messenger, Instagram Direct and WhatsApp Messenger) and other forms of electronic correspondence, that relate to this proceeding (including without limitation your decision to file this proceeding), concerning your employment with West Virginia University, this proceeding, the facts and circumstances giving rise to this proceeding, your emotional or physical well-being, your communications with current or former West Virginia University employees, or any other matter related to your Complaint. This Request includes any written or recorded statements and/or recorded conversations (with or without permission) from any individual concerning this proceeding and/or the facts and circumstances giving rise to this proceeding.

> **OBJECTION AND RESPONSE:** Plaintiff objects to this Request to the extent it is unduly burdensome and overly broad, and to the extent that it calls for him to reveal the contents of attorney-client privileged communications. Production of documents related to *any* communication with current or former WVU employees will take an extraordinary amount of time and will impose an undue burden on the Plaintiff – Plaintiff will produce documents responsive to this request but it will need to be narrowed before Plaintiff should have to spend the time and resources necessary to search for responsive documents.

45. Produce each and every Facebook post or message you have made, sent, or received from January 1, 2017, to the present concerning your employment with West Virginia University, this proceeding, the facts and circumstances giving rise to this proceeding, your emotional or physical well-being, your communications with current or former West Virginia University

employees, or any other matter related to your Complaint. Plaintiff may use Facebook's "download tool" to preserve and reproduce responsive postings and messages. For information on how to use Facebook's "download tool," see:

https://www.facebook.com/help/131112897028467/.

>**OBJECTION AND RESPONSE:** Plaintiff objects to this Request to the extent it is
>
>unduly burdensome and overly broad, *see* response to No. 44.

46. Produce any and all documents you prepared, examined, referenced, or relied upon in preparing or substantiating your responses to any of the previous Interrogatories or Requests for Production of Documents served by the WVUBOG.

>**OBJECTION AND RESPONSE:** Plaintiff objects to this Request to the extent of the
>
>aforementioned general objections. Subject to and without waiving these objections,
>
>please *see* the Document Production Sheet.

Dated: October 20, 2023                    Respectfully submitted,


                                           */s/Adam Augustine Carter*

                                           R. Scott Oswald, *admitted pro hac vice*

                                           Adam Augustine Carter, *admitted pro hac vice*
                                           The Employment Law Group, P.C.
                                           1717 K Street NW, Suite 1110
                                           Washington, D.C. 20006
                                           (202) 261-2806 (telephone)
                                           soswald@employmentlawgroup.com
                                           acarter@employmentlawgroup.com

Drew M. Capuder, Esq.
Capuder Fantasia PLLC
1543 Fairmont Avenue, Suite 101
Fairmont, WV 26554
(304) 333-5261
dcapuder@capuderfantasia.com
*Counsels for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**Clarksburg Division**

**PAOLO FARAH,**

        **Plaintiff,**

**v.**

                                             **Case No. 1:22-cv-153-TSK**
                                             **Judge Thomas S. Kleeh**

**WEST VIRGINIA UNIVERSITY**
**BOARD OF GOVERNORS, SAMUEL TAYLOR,**
**CODY STEWART, JESSE RICHARDSON, MAJA**
**HOLMES, KAREN KUNZ, CHRISTOPHER**
**PLEIN, COREY COLYER,**
**and LISA DEFRANK-COLE,**

**Defendants.**

**<u>CERTIFICATE OF SERVICE</u>**

I, Adam Carter, counsel for Plaintiffs, hereby certify that, "*Plaintiff Paolo Farah's Objections and Answers to Defendant West Virgina University's Production of Documents*" was served upon the following via email October 20, 2023.

Wendy G. Adkins, Esquire (WVSB #9412)
JACKSON KELLY PLLC
150 Clay Street, Suite 500
Morgantown, WV  26501
Tel: 304-284-4136
wgadkins@jacksonkelly.com

*/s/ Adam Augustine Carter*
Adam Augustine Carter