IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Clarksburg Division

FILED
JUL 19 2024
U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

PAOLO FARAH,

    Plaintiff,

v.

Case No. 1:22-cv-153-TSK
The Hon. Thomas S. Kleeh

WEST VIRGINIA UNIVERSITY
BOARD OF GOVERNORS,
SAMUEL TAYLOR,
CODY STEWART,
JESSE RICHARDSON,
MAJA HOLMES,
KAREN KUNZ,
CHRISTOPHER PLEIN

    Defendants.

**PLAINTIFF RESPONSE TO THE MEMORANDUM IN SUPPORT OF MOTION FOR RULE 37 SANCTIONS BY WEST VIRGINIA UNIVERSITY BOARD OF GOVERNORS**

**Introduction**

    Plaintiff has received from the Defendant's opposing counsel ECF139 - Memorandum in Support of Motion For Rule 37 Sanctions By West Virginia University Board Of Governors.

    Defendant mentions in this memorandum that "The Court, however, has afforded Plaintiff multiple extensions to obtain new counsel and respond to the WVUBOG's motion to compel. (ECF Nos. 69, 74.) After having been afforded almost 90 days to obtain new counsel, Plaintiff filed a motion seeking an additional 60 days to obtain new counsel on April 8, 2024. (ECF No. 90.) After hearing argument from the parties on that motion at an April 30, 2024 Status Conference, the Court denied Plaintiff's motion, finding that he had been afforded reasonable opportunities to seek new counsel. (ECF No. 114.)"

    Plaintiff disagrees with the Defendant's attempt to state that Plaintiff has delayed the process or received leniency. Regardless of the extensions that Plaintiff was granted, these extensions were

moot or merely nominal since Judge Kleeh felt comfortable to issue an initial decision dated March 26, 2024, while the Plaintiff was still in the extension period for searching for a counsel.

Accidentally, Defendant omits to mention in its own procedural history to mention March 26 2024 decision because it would show that its own arguments are flawed.

It is very unfortunate that both Defendant and the court continue to remind Plaintiff about extensions which are moot, when Plaintiff was not granted any real extension since the case is proceeding according to the original schedule and the very important decision of March 26 was issued during what was theoretically Plaintiff's time to find an attorney.

The Defendant's Memorandum refers to "the Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that where a party fails to obey an order to provide or permit discovery, the Court may, among other things, enter an order "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence" or "dismissing the action or proceeding in whole or in part[.]" Fed. R. Civ. P. 37(b)(2)(A)."

Plaintiff wants to remind the Defendant and the Court, that Plaintiff is representing pro se and Plaintiff was informed by Magistrate Judge that in cases where parties represent pro se they can receive guidance and ask questions to the court.

During the most recent Status Conference, Plaintiff clearly explained and informed the Judge that Defendant is denying producing the documentation that has requested. When Plaintiff has asked what would happen if Plaintiff would not comply with Defendant's requests, the Judge Aloi responded that the sole consequences was indeed prohibiting Plaintiff from supporting designated claims or defenses, or from introducing designated matters in evidence.

The Judge has never informed the Plaintiff that Defendant could have also requested and claimed to dismiss the action or proceeding in whole or in part.

Similar situations have already previously happened. Judge Aloi told the Defendant that was reasonable to request an extension for the trial or to modify the scheduling order because professional



attorneys would never take a case so advanced such as Plaintiff's case, so granting six months extension would have allowed the Plaintiff to find new legal representation. Eventually this request to postpone the trial or/and modify the scheduling order was denied by Judge Aloi as any other Plaintiff's motions excluding the ones that Defendant granted by itself and the Judge only confirmed following Defendant's consent.

Plaintiff's action has already been partially dismissed for what Plaintiff considers wrongful reasoning. Judge Kleeh has struck the Wyoming-WVU project related events happening between January – April 2020 because the Judge considered they are not timely. Plaintiff has informed Judge Aloi that this specific part of the decision was factually wrong, because as it is clearly reported in the original EEOC complaint and following amended complaints, Plaintiff had accessed to the information about the events only when obtained the FOIA documentation from University of Wyoming on November 23, 2020. So, the discriminatory motive and the events themselves were not known by the Plaintiff until November 23, 2020. For this reason, that part of the case should not have been struck and discovery requests must be made eligible and permissible, and the motion to compel enforced against Defendant. Judge Aloi should have allowed it as an oral motion as it has been permitted to the Defendant at least twice during previous Status conference proceedings.

Also, Plaintiff has already produced substantial documentation along discovery process and Defendant is discounting over 8000 pages of documentation with a detailed list of the documents that have clear references to the plaintiff's argumentations. Now Defendant is declaring that Plaintiff did not cooperate with Defendant and did not produce any documentation and for this reason the entire case must be dismissed. These are again lies and contrary to the actual events.

What it is true is that Defendant is aware of the fact that if this case arrives to trial, there will be witness testimonies ready to confirm under oath the Plaintiff's precise claims including the ones the Court did not leave the Plaintiff to amend the complaint that Plaintiff was made target of the academic transformation and the entire department and program discontinued as retaliation



against Plaintiff to get rid of him eventually because of this ongoing federal case and his WVGB grievances. Also there will be witness testimonies that will also confirm that the University has fabricated and falsified the data of the department of public administration student enrollment to make the enrollment appearing worse than it was with the precise intent to discontinue the programs, shut down the department and get rid of the Plaintiff.

Defendant continues also their lies with their statement when they declare in their memorandum the following "Moreover, Plaintiff has repeatedly taken advantage of the WVUBOG's professional courtesy in accommodating Plaintiff's multiple changes of counsel and *pro se* status."

Plaintiff has already declared and presented a completely different perspective on this matter.

Plaintiff has already presented substantial evidence that there might be a collusive scheme between former Plaintiff's counsel Sean Cook, Wendy Adkins and all other WVU individuals already mentioned in multiple memoranda and documentation submitted by the Plaintiff. Plaintiff's accusations are not frivolous because indeed Defendant is using what they have created as situation against Plaintiff to avoid getting to trial.

Trial is essential for Plaintiff because since Defendant denied producing any additional evidence, Plaintiff should be granted the opportunity to interrogate witness testimonies to show the collusive scheme, the discrimination, the most recent retaliation and all other claims.

For all these reasons, the court must grant Plaintiff the possibility to get to trial and avoid granting the Defendant additional free rides that would eventually permit the Defendant to cover their multiple illegal actions. Plaintiff is asking the court to reconfirm what was declared during the Status conference and Plaintiff hopes the court will refuse the Defendant requests to dismiss the entire case. Preventing Plaintiff to arrive to trial would be the ultimate goal for Defendant to avoid being made accountable of their actions. Plaintiff must have access to justice and to trial and Defendant should be prevented to twist the law and the procedures for its own benefits.

Date: July 15, 2024                                                                                        Respectfully submitted,

*[signature]*

/S/PAOLO D. FARAH

6335 Morrowfield Avenue
15217 Pittsburgh, PA
Telephone: 304-376-8725
Email: paolofarah@yahoo.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 15, 2024, the foregoing memorandum was served electronically to counsel for Defendants.

Wendy Adkins, Esq.
150 Clay Street, Suite 500
Morgantown, WV 26501
Office: (304) 284-4136
Fax: (304) 284-4156
wgadkins@jacksonkelly.com
*Counsel for Defendant West Virginia University*
*Board of Governors et. al.*

/S/ PAOLO D. FARAH

Paolo D. Farah (pro se litigant)

_Paolo Davide Farah_