IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Clarksburg Division

FILED

OCT 11 2024

U.S. DISTRICT COURT  WVND
CLARKSBURG, WV 26301

PAOLO FARAH,

    Plaintiff,

v.

                      Case No. 1:22-cv-153-TSK
                      The Hon. Thomas S. Kleeh

WEST VIRGINIA UNIVERSITY
BOARD OF GOVERNORS,
SAMUEL TAYLOR,
CODY STEWART,
JESSE RICHARDSON,
MAJA HOLMES,
KAREN KUNZ,
CHRISTOPHER PLEIN
COREY COLYER
LISA DE FRANK COLE

    Defendants.

**PLAINTIFF RESPONSES AND OBJECTIONS TO THE REPORT AND RECOMMENDATION DATED SEPTEMBER 18, 2024 RECOMMENDING THAT DEFENDANTWEST VIRGINIA UNIVERSITY BOARD OF GOVERNOR'S MOTION FORSUMMARY JUDGMENT [ECF NO. 142] BE GRANTED**

Plaintiff is writing to formally respond to the Report and Recommendation issued on September 18, 2024, regarding my case against the West Virginia University Board of Governors. Plaintiff would like to address several critical points that challenge the findings and conclusions set forth in the report. Plaintiff will keep these responses concise as many of these matters have already been covered by previously submitted documentation to the court that it seems Judge Aloi and the Defendant are completely discounting and this required a trial to make these facts coming to light to show many of the lies and misrepresentations by the Defendant and propagated even by the court.

First of all, since August 2024, the Plaintiff has not received any documentation from the court. Despite the court clerk's official declarations that these documents were sent to the Plaintiff's mailing address, they have not arrived at the Plaintiff's registered address. This ongoing issue suggests a concerning agenda on the part of the court clerk.

<u>**INTRODUCTORY REMARKS IN RESPONSE TO THE ARGUMENTS INCLUDED IN SUMMARY JUDGEMENT - POINT 1 AND LETTER A:**</u>

**I. Legal Standards and Plaintiff's Pro Se Status**

The Defendant asserts that the Court must liberally construe the Plaintiff's filings because he is proceeding pro se. This principle should extend to acknowledging the Plaintiff's claims and circumstances, especially considering the complexities of employment discrimination law under Title VII. The Defendant cannot rely on procedural technicalities to undermine the substantive

claims presented by the Plaintiff.

## II. Genuine Issues of Material Fact Exist

The Defendant claims that there is no genuine dispute as to any material fact, citing the need for evidence beyond "conclusory or speculative allegations." However, the Plaintiff has presented specific facts and evidence that raise genuine disputes regarding the treatment received compared to similarly situated employees.

1. **Adverse Employment Actions:**

   - The Defendant argues that the Plaintiff's performance evaluations do not constitute adverse employment actions. However, the law recognizes that adverse actions can manifest in various forms, including the denial of promotion opportunities, even when the overall evaluation is "satisfactory." The Plaintiff's evaluations must be viewed in the context of his career trajectory and the specific disparities he faces compared to colleagues who are not in his protected class.

   - The assertion that the Plaintiff's evaluations were not unfavorable overlooks the broader context of his career advancement. The Plaintiff was not only denied timely promotions but also experienced significant professional isolation, which collectively affects the terms and conditions of his employment.

2. **Claims of Disparate Treatment:**

   - The Plaintiff's allegations of disparate treatment are substantiated by evidence demonstrating that similarly situated colleagues received favorable evaluations and promotion opportunities despite similar or lesser qualifications. This discrepancy indicates potential discrimination based on the Plaintiff's protected characteristics.

   - The Defendant's argument regarding the stricken allegation about the 2017 promotion is not a valid reason to dismiss the Plaintiff's claims. The Plaintiff has the right to present evidence regarding the cumulative effects of discriminatory practices over time, which creates a pattern of discrimination that should not be ignored merely because of procedural arguments.

## III. Claims of Hostile Work Environment

While the Defendant contends that the alleged slights do not rise to the level of a hostile work environment, it is important to recognize that a hostile work environment can be established by a series of discrete acts that, when viewed cumulatively, create a toxic atmosphere affecting an employee's ability to perform their job.

- The Plaintiff's allegations regarding mocking, exclusion from social gatherings, and criticism related to personal family matters all contribute to a hostile work environment claim. These actions, though potentially viewed as minor in isolation, collectively form a pattern of behavior that can adversely affect the Plaintiff's emotional well-being and professional performance.

- Additionally, the severity and pervasiveness of these actions should not be downplayed.

They demonstrate an ongoing pattern of discrimination that reflects a hostile work environment, undermining the terms and conditions of the Plaintiff's employment.

### IV. Conclusion to Introductory Remarks Point 1 and Letter A

In light of the foregoing arguments, the Plaintiff has established sufficient grounds to assert that there are genuine issues of material fact that preclude the granting of summary judgment. The cumulative effect of the Defendant's actions, when viewed in the context of the Plaintiff's protected status, demonstrates potential violations under Title VII.
Therefore, the undersigned respectfully requests that the Court deny the motion for summary judgment and allow the case to proceed to trial, where these issues can be fully examined.

### INTRODUCTORY REMARKS IN RESPONSE TO THE ARGUMENTS INCLUDED IN SUMMARY JUDGEMENT - LETTER B:

**1. Differential Treatment Compared to Similarly Situated Colleagues:**

The Defendant contends that the Plaintiff was not treated differently from similarly situated American-born, non-Jewish colleagues. However, the Plaintiff has demonstrated that he was indeed treated differently regarding the modification of duties and salary increases. The legal standard established in *Haywood v. Locke*, 387 F. App'x 355 (4th Cir. 2010), underscores that valid comparators must be similar in all relevant respects. The Plaintiff maintains that he has provided evidence of relevant discrepancies, including job responsibilities and treatment related to his requests for modifications.

**2. Eligibility for Parental Leave and Modifications:**
The Defendant argues that the Plaintiff, as a nine-month contract employee, was not eligible for parental leave and that he did not properly request modifications. However, the Plaintiff asserts that he was not adequately informed of his eligibility for such benefits, particularly regarding the relevant policies that had changed after the birth of his child. The failure to communicate these changes is a significant oversight that raises questions about whether the university fulfilled its obligation to inform employees of their rights. Good employer practices, as noted in the Plaintiff's argument, would require clear communication and the issuance of addendums when new policies are implemented.

**3. Denial of Requests for Modification:**
The Defendant claims that the Provost appropriately denied the Plaintiff's requests for duty modification based on timing. However, the Plaintiff argues that the timeline of events should not negate his entitlement to request modifications based on the context of his experiences, including the challenges faced due to personal circumstances such as his wife's miscarriages. The discretion exercised by the Provost should be scrutinized to ensure it is applied consistently and fairly across all faculty members.

**4. Salary Comparisons:**

While the Defendant acknowledges that the Plaintiff's merit adjustments were smaller, they attribute this to the Plaintiff's higher base salary. However, this reasoning fails to account for the full context of salary adjustments within the framework of BOG Rule 4.4. The Plaintiff's compa-ratio being at 84% should be seen as a strong indicator that his compensation does not align with market standards, thus necessitating equitable adjustments. The Defendant's failure

to address why this ratio was not considered in determining salary increases points to a lack of transparency and potential bias.

### 5. Vague Assertions vs. Specific Comparators:

The Defendant's argument that the Plaintiff must identify specific comparators aligns with the standard articulated in *Duheme v. Columbia CSA-HS Greater Columbia Healthcare Sys. LP*, 2014 WL 468942, at *5. However, the Plaintiff has made a compelling case that the lack of detailed comparisons was due to the Defendant's inadequate communication regarding relevant policies. The Plaintiff asserts that the university's overall treatment of employees within different protected classes warrants examination, especially when considering that similar situations may exist without clear documentation.

### 6. New Allegations Regarding Promotions and Leadership Roles:

While the Defendant points out that the Plaintiff's allegations regarding promotions and leadership roles are newly introduced and thus inadmissible, the Plaintiff contends that these issues directly relate to the overall claims of discrimination and adverse employment actions based on national origin and religion. The relevance of these claims should be acknowledged as they illuminate patterns of treatment that impact the Plaintiff's overall employment trajectory and professional growth.

### Conclusion to the Introductory Remarks Letter B

In conclusion of the Introductory remarks Letter B, the Plaintiff respectfully asserts that the arguments presented by the Defendant do not adequately address the underlying issues of differential treatment and the failure to communicate changes in policy that adversely affected the Plaintiff's employment status and rights. The evidence presented highlights a pattern of potential discrimination based on national origin and religion that warrants further examination. Therefore, the recommendations to grant summary judgment in favor of the Defendant should be reconsidered, and the Plaintiff's claims should proceed to further review and consideration.

## SPECIFIC ANALYSIS OF THE ARGUMENTS AND ADDITIONAL COURT BACKGROUND INFORMATION

### 1. Connection Between Nathan Fetty and Judge Aloi

The Plaintiff wishes to reiterate concerns regarding the involvement of Nathan Fetty, an assistant to Judge Aloi, who has direct connections to Jesse Richardson, one of the parties involved in this case. This relationship raises significant questions about the impartiality of the proceedings, as previously reported in multiple plaintiff documents. It is not solely a matter of legal procedures but also of ethical conduct and appearance.

Given that Fetty may have drafted documents for Judge Aloi, there exists a substantial possibility of bias influencing the handling of my case. The integrity of judicial processes must be upheld, and any potential conflicts of interest should be thoroughly examined. Furthermore, during a hearing, Judge Aloi admitted to teaching at WVU College of Law, which presents additional evidence of a conflict of interest, particularly in light of the personal relations between Nathan Fetty and Jesse Richardson.

## 2. Fabricated Salary Reports

The report references salary comparisons that I assert are fabricated and misleading. Public documentation and even documentation submitted by the Defendant to the Plaintiff contradict the claims made by West Virginia University (WVU), which has consistently misrepresented my salary position within the department. Contrary to WVU's assertions, my salary has been lower than that of several colleagues, and any documents presented to the court should be independently verified against publicly available records.

## 3. Allegation of both the Defendant and the Judge about New Legal Arguments by the Plaintiff

The allegations and legal reasoning presented by both the Defendant and the Judge regarding the Plaintiff's new legal arguments related to leadership positions and higher salaries are not new. The court appears to be misinterpreting and limiting the Plaintiff's legal arguments to align with an agenda favoring the Defendant's motion.

The Plaintiff has consistently raised the issue that Sam Taylor, lacking a PhD, demoted the Plaintiff from their position in the Wyoming-WVU grant projects—a central aspect of this case—so that he could assume the role of Principal Investigator (PI). To label this as a new argument is misleading and indicative of further dishonesty on the part of the Defendant. This reflects a concerning trend where the court seems to be reproducing the Defendant's arguments, tailoring its decisions in a way that appears to support a collusive scheme.

## 4. Collusive Scheme and Document Fabrication

WVU has a pattern of fabricating documents as part of a collusive scheme to protect its interests as described in multiple documents submitted to the court. This pattern of behavior raises serious concerns about the validity of the evidence presented against me. The university's actions suggest a systematic effort to shield itself from accountability and to retaliate against me for raising concerns regarding discrimination and unequal treatment.

## 5. Misrepresentation of Legal Expenses

It is troubling that WVU has misrepresented its legal expenses to the court. While they claim to incur substantial costs in defending this case, these expenses are primarily covered by insurance for attorney fees. This misrepresentation contributes to a narrative of victimization that is not supported by the realities of the situation.

## 6. Modifications of Duties and Parental Leave

The Judge asserts that the Plaintiff is a long-term employee; however, it is important to note that the Plaintiff was hired before the modification of duties was established. Additionally, the Plaintiff has provided evidence indicating that he was not informed of his eligibility for parental leave when the policy was adopted after the time of his hiring and this information was not publicly available but hidden with various tools, and Plaintiff was not informed of these new policies following the birth of his first child in 2018 after the previous settlement agreement was signed.

Good employer practices require West Virginia University (WVU) to issue an addendum to current employees' contracts when new rules, including favorable ones, are adopted. Without

such practices, chairs and deans may use these policies as discriminatory tools to favor certain employees.

### 7. Retaliation and Harassment

The findings of the court's report appear to exacerbate the retaliation I have faced from both WVU and the judicial system. This includes the denial of my requests to amend my complaint to include issues related to the Reduction in Force, as well as further retaliatory actions that I have experienced recently. The court's actions seem to undermine my rights as a plaintiff and contribute to an ongoing harassment campaign against me.

In light of these serious concerns, I respectfully request that the presiding United States District Judge reconsider the recommendations outlined in the Report and Recommendation. I ask for a fair evaluation of the evidence, ensuring that all facts are accurately represented and that my rights as a plaintiff are fully upheld.

Respectfully submitted,

Date: October 8, 2024

Signature

*[signed: Paolo Daniele Farah]*

/S/PAOLO D. FARAH

P.O. Box 792
26507 Morgantown, West Virginia
Telephone: 304-376-8725
Email: paolofarah@yahoo.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 9, 2024, the foregoing request of change of address was served electronically to counsel for Defendants.

Wendy Adkins, Esq.
150 Clay Street, Suite 500
Morgantown, WV 26501
Office: (304) 284-4136
Fax: (304) 284-4156
wgadkins@jacksonkelly.com
*Counsel for Defendant West Virginia University*
*Board of Governors et. al.*

/S/ PAOLO D. FARAH